■ In the Matter of the Claim of STEWART A. BLOCK, Appellant. LOW SURGICAL & MEDICAL SUPPLY, INC., Respondent; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [647 NYS2d 1017] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 15, 1996, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as a respiratory therapy technician for a surgical supply company. He was terminated from his position when it was discovered that claimant misrepresented visiting the homes of patients to check on respiratory equipment, submitted false reports concerning these visits and sought reimbursement for business expenses never actually incurred. The Board disqualified claimant from receiving unemployment insurance benefits on the basis that he was terminated for misconduct. Based upon our review of the record, we find that the Board's decision is supported by substantial evidence.

The employer's director of respiratory therapy testified that he discovered that claimant had not visited patients' homes to check on equipment when numerous patients reported that claimant had not been to their homes since the date their equipment was installed, but that claimant's reports indicated

otherwise. He stated that the employer hired a private investigator who followed claimant on a particular day and found that claimant did not visit patients, but went home. He stated that claimant submitted false reports for such visits and submitted business expenses for reimbursement. While claimant denied any wrongdoing and claimed that he was not required to visit patients, his testimony merely presented a question of credibility for the Board to resolve (*see, Matter of Rios [Pine Hill Trailways—Sweeney]*, 228 AD2d 760; *Matter of Hibbard [Sweeney]*, 227 AD2d 698). Therefore, we decline to disturb the Board's decision.

Mercure, J. P., Casey, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.